IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| TERRY RAY CARTER, | § | |
| | § | |
| Movant, | § | |
| | § | |
| V. | § | NO. 4:23-CV-441-O |
| | § | (NO. 4:20-CR-234-O) |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Respondent. | § | |

## OPINION AND ORDER

Came on for consideration the motion of Terry Ray Carter, movant, under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by a person in federal custody. Having considered the motion, the response, the reply, the record, and applicable authorities, the Court concludes that the motion must be **DENIED**.

## I.    BACKGROUND

The record in the underlying criminal case reflects the following:

On September 14, 2020, Movant was named in a two-count information charging him in count one with sexual exploitation of children, in violation of 18 U.S.C. § 2251(a) and (e), and in count two with transportation of child pornography, in violation of 18 U.S.C. § 2252A(a)(1) and (b)(1). CR ECF No. 15. Movant and his counsel signed a waiver of indictment, CR ECF No. 17, a factual resume, CR ECF No. 18, and a plea agreement. ECF No. 19. Movant entered a plea of guilty. CR ECF No. 20. The Court sentenced Movant to a term of imprisonment of 360 months as to count one and a term of imprisonment of 240 months as to count two, to be served consecutively, for a total sentence of 600 months. CR ECF No. 48. Movant appealed. CR ECF No. 50. The

1

judgment was summarily affirmed as the issues raised on appeal were foreclosed by circuit precedent. *United States v. Carter*, 857 F. App'x 804 (5th Cir. 2021). His petition for writ of certiorari was denied. *Carter v. United States*, 142 S. Ct. 2679 (2022).

## II.    GROUNDS OF THE MOTION

Movant raises two grounds in support of his motion: (1) The Court made an arithmetic error in Movant's sentence. (2) Movant received ineffective assistance of counsel. ECF No. 1 at 4, 5; ECF No. 2.

## III.   APPLICABLE LEGAL STANDARDS

### A.    28 U.S.C. § 2255

After conviction and exhaustion, or waiver, of any right to appeal, courts are entitled to presume that a defendant stands fairly and finally convicted. *United States v. Frady*, 456 U.S. 152, 164-165 (1982); *United States v. Shaid*, 937 F.2d 228, 231-32 (5th Cir. 1991). A defendant can challenge his conviction or sentence after it is presumed final on issues of constitutional or jurisdictional magnitude only, and may not raise an issue for the first time on collateral review without showing both "cause" for his procedural default and "actual prejudice" resulting from the errors. *Shaid*, 937 F.2d at 232.

Section 2255 does not offer recourse to all who suffer trial errors. It is reserved for transgressions of constitutional rights and other narrow injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. *United States v. Capua*, 656 F.2d 1033, 1037 (5th Cir. Unit A Sept. 1981). In other words, a writ of habeas corpus will not be allowed to do service for an appeal. *Davis v. United States*, 417 U.S. 333, 345 (1974); *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996). Further, if issues "are raised and

considered on direct appeal, a defendant is thereafter precluded from urging the same issues in a later collateral attack." *Moore v. United States*, 598 F.2d 439, 441 (5th Cir. 1979) (citing *Buckelew v. United States*, 575 F.2d 515, 517-18 (5th Cir. 1978)).

### B.   Ineffective Assistance of Counsel Claims

To prevail on an ineffective assistance of counsel claim, movant must show that (1) counsel's performance fell below an objective standard of reasonableness and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *see also Missouri v. Frye*, 566 U.S. 133, 147 (2012). "[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." *Strickland*, 466 U.S. at 697; *see also United States v. Stewart*, 207 F.3d 750, 751 (5th Cir. 2000).   "The likelihood of a different result must be substantial, not just conceivable," *Harrington v. Richter*, 562 U.S. 86, 112 (2011), and a movant must prove that counsel's errors "so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Cullen v. Pinholster*, 563 U.S. 170, 189 (2011) (quoting *Strickland*, 466 U.S. at 686). Judicial scrutiny of this type of claim must be highly deferential and the defendant must overcome a strong presumption that his counsel's conduct falls within the wide range of reasonable professional assistance. *Strickland*, 466 U.S. at 689. Simply making conclusory allegations of deficient performance and prejudice is not sufficient to meet the *Strickland* test. *Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000).

3

## IV.    ANALYSIS

In support of his first ground, Movant does not point to any specific mathematical error, but simply suggests that there might have been one, since at one point during sentencing, the undersigned asked the government to "[help] me with the math." CR ECF No. 53 at 6. Clearly, the question was what sentence the government recommended and how it was calculated, i.e., how many months as to each count and whether the sentences were to run concurrently or consecutively. *Id.* at 6–7. The record does not support the contention that any mathematical error was made. Further, even if the ground had merit, and it does not, Movant did not raise it on appeal and cannot do so here. *Shaid*, 937 F.2d at 231. *See also Logan v. United States*, No. 3:14-CV-0758-M, 2015 WL 9647598, at *3 (N.D. Tex. Dec. 11, 2015), *rec. adopted*, 2016 WL 75079 (N.D. Tex. Jan. 6, 2016) (claim of arithmetical error at sentencing barred because not raised on appeal). He has made no attempt to overcome his procedural default, except to argue that his appellate counsel advised him the issue could not be raised. Counsel was correct.

In in second ground, Movant contends that he received ineffective assistance of counsel at sentencing. Again, he fails to identify any specific facts to support his argument. ECF No. 2 at 5–9. Rather, he seems to contend that because his sentence was harsh, his counsel must have been deficient. Conclusory allegations do not raise a constitutional issue in a habeas proceeding. *Ross v. Estelle*, 694 F.2d 1008, 1012 (5th Cir. 1983).

The record does not support any alleged error on the part of counsel. Movant's counsel asked the Court to impose a total sentence of less than thirty years. CR ECF No. 53 at 12. Thus, she objected to the substantive reasonableness of the sentence ultimately imposed. *See Holguin-Hernandez v. United States*, 140 S. Ct. 762, 766 (2020). The Court imposed a sentence within the

guideline range, which required "little explanation." *United States v. Mares*, 402 F.3d 511, 519 (5th Cir. 2005).[1] The Court considered the advisory guidelines as well as the statutory concerns listed in 18 U.S.C. § 3553(a), and determined that the sentence imposed was sufficient, but not greater than necessary, to achieve the Court's sentencing objectives of punishment, deterrence, and protection of the public. CR ECF No. 49 at 4. Any objection to the explanation for the sentence would have been frivolous. The failure to make frivolous objections is not deficient. *Green v. Johnson*, 160 F.3d 1029, 1037 (5th Cir. 1998). And, in any event, Movant has made no attempt to show that there is a reasonable probability that he would have received a lower sentence had any particular objection been lodged. *United States v. Grammas*, 376 F.3d 433, 436 (5th Cir. 2004).

## V.      CONCLUSION

For the reasons discussed, the motion under § 2255 is **DENIED**.

Further, pursuant to 28 U.S.C. § 2253(c), for the reasons discussed herein, a certificate of appealability is **DENIED**.

**SO ORDERED** on this **8th day** of **August, 2023**.


_____
Reed O'Connor
**UNITED STATES DISTRICT JUDGE**

---

[1] Movant overlooks the Supreme Court's admonition that when the sentence is within the guidelines range, it may be presumed to be reasonable. *Gall v. United States*, 552 U.S. 38, 51 (2007).

5